Jimmy Wayne MATHESON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–467–CR.

Court of Appeals of Texas,
Corpus Christi.

June 4, 1992.

Paul G. Johnson, Angleton, for appellant.

Jim Mapel, Crim. Dist. Atty., Kelly McClendon, Asst. Dist. Atty., Angleton, for appellee.

Before FEDERICO G. HINOJOSA, Jr., J., NYE, C.J., and KENNEDY, J.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant pleaded nolo contendere to a second-degree felony theft indictment and to a third-degree felony theft indictment. The trial court deferred adjudication and placed appellant on probation for ten years. Appellant was subsequently indicted for attempted capital murder and the State moved to adjudicate guilt in both theft cases. A jury convicted appellant of attempted capital murder and assessed punishment at twenty-five years' confinement. After a hearing, the trial court found that appellant had violated the conditions of probation and found him guilty in both theft cases. The trial court assessed punishment in Cause No. 19,990, the second-degree felony theft case, at twenty years' confinement and ordered that the sentence run consecutively with the twenty-five year sentence that had been assessed in the attempted capital murder case. The trial court assessed punishment in Cause No. 19,991, the third-degree felony theft case, at ten years' confinement and ordered that the sentence run concurrently with the sentence that had been assessed in the attempted capital murder case. By five points of error, appellant challenges the sufficiency of the evidence, the voluntariness of his original plea, the language in the charging instrument, the legality of stacking the sentence onto a sentence imposed in another case, and the trial court's action of taking judicial notice of trial testimony from another case. We affirm the trial court's judgment.

By his first point of error, appellant challenges the sufficiency of the evidence to support a conviction for theft. He admits that a judicial confession is sufficient evidence to support a conviction on a plea of guilty, but argues that such a confession must be admitted in evidence in open court.

■ A plea of guilty or nolo contendere alone is not sufficient to support a conviction. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1989) requires the State to introduce sufficient evidence to support the judgment. The supporting evidence can consist of a judicial confession alone or of oral or written stipulations of evidence containing a confession of guilt by the accused. *Johnson v. State*, 722 S.W.2d 417, 422 (Tex.Crim.App.1986) (opinion on rehearing).

■ Appellant signed a judicial confession that the allegations in the theft indictments were true, stipulated to the evidence in open court, and identified himself as the charged party. The confession is sufficient evidence to support his conviction on plea of nolo contendere. We overrule appellant's first point of error.

■ By his second point of error, appellant complains that his original plea was involuntary because the trial court failed to admonish him that the sentence could be stacked onto a sentence received for a subsequent offense. Appellant's argument is without merit. The trial court is required to admonish a defendant of the range of

punishment attached to the offense. TEX. CODE CRIM.PROC.ANN. art. 26.13(a)(1) (Vernon 1989). The trial court properly admonished appellant that the second-degree felony charge carried a sentence of from two to twenty years' confinement, that the third-degree felony charge carried a sentence of from two to ten years' confinement, that the sentences could be stacked, and that he faced the possibility of a thirty-year sentence.

Appellant offers no case law to support his argument that a trial court must admonish a defendant, that if the court grants probation and he is convicted and sentenced for a subsequent offense and his probation is revoked, that the court can then stack the sentence for the original offense onto the sentence for the subsequent offense. We decline to impose such a requirement on the trial court. We overrule appellant's second point of error.

By his third point of error, appellant complains that the indictment failed to charge him with a second degree felony. He argues that second degree theft is theft of property with a value of twenty thousand dollars or more, but the indictment charged him with theft of "at least Twenty Thousand and No/100 ($20,000.00) Dollars." Appellant's argument is without merit. The phrases "with a value of X or more" and "at least X" both mean "equal to or greater than X." The indictment apprised appellant that he was charged with theft of twenty thousand dollars or more, a second degree felony. TEX.PENAL CODE ANN. § 31.03(e)(5)(B). We overrule appellant's third point of error.

By his fifth point of error, appellant complains that the stacking order is void for lack of specificity.

The Court of Criminal Appeals recommends the following elements for a cumulation order:

1) the trial court number of the prior conviction,
2) the correct name of the court where the prior conviction was taken,
3) the date of the prior conviction,
4) the term of years of the prior conviction, and
5) the nature of the prior conviction.

*Williams v. State,* 675 S.W.2d 754, 763–764 (Tex.Crim.App.1984) (opinion on rehearing). Inclusion of all the recommended elements is not mandatory, and while orders that include only one of the elements are insufficient, orders which contain two or more elements have been held valid. *Id.* at 764. Moreover, a cumulation order that refers only to a trial court number is sufficient, if the two sentences are entered by the same court. *Id.* A cumulation order will be upheld if the trial court's description of the prior conviction is substantially and sufficiently specific enough to give notice to both the defendant and the Department of Criminal Justice exactly which sentences the instant sentence is cumulated with. *Id.*

The trial court's order revoking probation stated:

IT IS FURTHER ORDERED AND ADJUDGED that the punishment herein adjudged against the Defendant, Jimmy Wayne Matheson, shall begin when the judgment and sentence in Cause No. 21,-812, Attempted Capital Murder with a Deadly Weapon, shall have ceased to operate.

The order contains two of the recommended elements for a cumulation order, the cause number and the nature of the prior conviction. The judgment adjudicating guilt provides that the sentence is "cumulative with Cause No. 21,812 out of the 239th District Court of Brazoria County, Texas," thereby providing a third recommended element, the name of the court in which the prior conviction was obtained. We find that the order and judgment, taken together, are substantially and sufficiently specific to give notice to appellant and the Department of Criminal Justice exactly which sentences are stacked. We overrule appellant's fifth point of error.

By his fourth point of error, appellant complains that the trial court erred by taking judicial notice of appellant's conviction from another district court in the same county. He argues that a judge may not

apply his personal knowledge of facts not admitted into evidence.

 Appellant's point of error is not reviewable by this Court. There shall be no appeals taken from a determination to proceed to final adjudication from a deferred adjudication. *Phynes v. State*, 828 S.W.2d 1 (Tex.Crim.App.1992); TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b) (Vernon Supp.1992). We overrule appellant's fourth point of error.

We affirm the judgment of the trial court.