**Charles Williams PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–93–00357–CR.

Court of Appeals of Texas,
Dallas.

Dec. 30, 1994.

Opinion Denying Rehearing March 24, 1995.

John G. Tatum, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before BAKER, MALONEY and CHAPMAN, JJ.

## OPINION

MALONEY, Justice.

The trial court convicted Charles Williams Pitts of possession of cocaine and assessed a thirty-five year sentence. Appellant complains he did not voluntarily and knowingly enter his guilty plea, and ineffective assistance of counsel rendered the plea involuntary. He also complains that the evidence is insufficient to support his conviction. Because we find the evidence insufficient to support appellant's guilty plea, we reverse the trial court's judgment. But because we find appellant freely and knowingly entered his guilty plea, we remand to the trial court for proceedings consistent with this opinion.

## BACKGROUND

Appellant pleaded guilty without benefit of a plea bargain agreement. The trial court ordered a presentence report and passed appellant's case for sentencing. The trial court held an evidentiary hearing before assessing punishment.

## EVIDENCE ON GUILTY PLEA

In his third point of error, appellant contends the evidence is insufficient to support his conviction. Specifically, appellant contends the record contains no evidence that he committed each element of the alleged offense.

### 1. Applicable Law

A plea of guilty alone will not support a conviction. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.1994); *Johnson v. State,* 722 S.W.2d 417, 422 (Tex.Crim.App. 1986), *overruled in part on other grounds by McKenna v. State,* 780 S.W.2d 797 (Tex. Crim.App.1989); *Matheson v. State,* 832 S.W.2d 692, 693 (Tex.App.—Corpus Christi 1992, no pet.). When a defendant waives his

**804**

right to a jury and enters a plea of guilty in a felony case:

> [I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without evidence to support the same.

TEX.CODE CRIM.PROC.ANN. art. 1.15; *Johnson*, 722 S.W.2d at 422. Supporting evidence can consist of a judicial confession alone, or of oral or written stipulations of evidence not containing the defendant's confession. *Johnson*, 722 S.W.2d at 422–23; *Matheson*, 832 S.W.2d at 693; *see Edwards v. State*, 835 S.W.2d 660, 664 (Tex.App.—Dallas 1992, no pet.).

■■■ The defendant's testimony admitting criminal participation is a judicial confession of guilt. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g). Appellant's sworn testimony that he is guilty as charged in the indictments, without elaboration, is enough to support a conviction. *Id.* at 354. An accused's affirmation of a charging instrument as true and correct is a confession sufficient to support conviction. *See Potts v. State*, 571 S.W.2d 180, 182 (Tex.Crim.App. [Panel Op.] 1978).

## 2. Application of Law to Facts

■■■ The transcript contains a document entitled "Waiver of Jury Felony Plea of Guilty/Nolo Contendere/Indictment/Information." The document, a preprinted form with blanks, contains a section entitled "Defendant's Waivers and Judicial Confession." The document states in part:

> I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and:
> I am GUILTY of the offense of *possession of cocaine in an amount less than 28 grams* exactly as alleged in the charging instrument including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the *2* day of *November, 1992;*

> exactly as alleged in the charging instrument including any amendments or modifications thereto and understand and agree that the Court can consider the evidence and stipulation of testimony in determining guilt;
>
> \* \* \* \* \* \*
>
> I agree that the Court may consider my judicial confession as evidence in this case.
>
> \* \* \* \* \* \*
>
> Having read all of the above waivers, consents, agreements and statements and having had them explained to me by my attorney, I now request the Court to accept them and I state that they are made voluntarily, knowingly, and intelligently and I further state that the statements contained in my judicial confession are true and correct. This the *18* day of *November, 1992.*

At the hearing on appellant's plea, the following colloquy occurred:

[THE STATE]: The State offers as State's Exhibit No. 1 the Defendant's signed written judicial confession and Stipulation of Evidence, and No. 2, a factual summary, as contained in the Court's file.

[DEFENSE COUNSEL]: No objection.

THE COURT: They're admitted.

[THE STATE]: The State rests.

THE COURT: Do you rest?

[DEFENSE COUNSEL]: We'll rest at this time, Judge.

Although this exchange implies that the trial court admitted a "signed written judicial confession" as State's exhibit number one, no judicial confession appears in the record. Nor does the record contain State's exhibit number two—the factual summary. Nothing on the face of the "Waiver of Jury Felony Plea of Guilty/Nolo Contendere/Indictment/Information" shows it is State's exhibit number one. Because the statement of facts does not contain a valid judicial confession, we examine the statement of facts for any other evidence that would support appellant's conviction.

The record contains three volumes: the transcript (properly numbered Volume I, *see* TEX.R.APP.P.CRIM. App. 1(a)(2)) and two vol-

umes marked "statement of facts." One "statement of facts" has no volume number, but it contains the record of appellant's original plea hearing (Plea Volume). The other "statement of facts" is numbered "VOLUME I OF I VOLUMES" and contains the record of the punishment hearing (Punishment Volume). The Punishment Volume contains an exhibit index which states: "NO EXHIBITS OFFERED IN THESE PROCEEDINGS BY EITHER SIDE." The Plea Volume does not contain an exhibit index.

The court reporter must show in a separate table in the first volume of the statement of facts the page at which an exhibit appears. *See* TEX.R.APP.P.CRIM. App. 1(b)(4). The volume numbered "VOLUME I OF I VOLUMES" contains the court reporter's notation that the parties offered no exhibits. Without any other evidence to the contrary, we presume the notation refers to all proceedings in this case.

Appellant's designation of the record on appeal requests the court reporter to include in the record "[t]he originals of all exhibits submitted into evidence before the jury and 'in camera' before the Court." The court reporter certified the record in the Plea Volume "contains a true and correct transcription of the proceedings.... [and the transcription] truly and correctly reflects the exhibits, *if any,* identified and/or admitted by the parties." (Emphasis added.) The court reporter certified the record in the Punishment Volume as "a true, accurate, and correct transcript of the proceedings...." The only exhibit index in the court reporter's certified statement of facts indicates that neither side offered any exhibits. Additionally, the court reporter attached no exhibits to either statement of facts. The State does not dispute the accuracy of the record. *See* TEX.R.APP.P. 55(a)–(b). Under the facts in this case, we cannot hold appellant responsi-

ble for the missing exhibits. *See* TEX. R.APP.P. 50(d).[1]

No oral or written stipulation of evidence appears in the record. Appellant gave no sworn testimony. The court did not ask appellant if he was pleading guilty because he was guilty. At no time did appellant testify that he read the charging instrument, nor was he asked if the charging instrument or its allegations were true and correct. We conclude this record contains no evidence to support appellant's conviction. We sustain appellant's third point of error.

## DISPOSITION

 The federal constitution does not require evidence of guilt to corroborate a plea of guilty or no contest in a state criminal prosecution. The *Jackson v. Virginia* "rationality" test does not apply. *See Ex parte Williams,* 703 S.W.2d 674, 681–82 (Tex.Crim. App.1986). We do not acquit an appellant who freely and knowingly enters a plea of guilty and persists in such plea despite a trial court's admonishments of the consequences. *See Bender v. State,* 758 S.W.2d 278, 280–81 (Tex.Crim.App.1988);[2] *Ex parte Martin,* 747 S.W.2d 789, 792–93 (Tex.Crim.App.1988).

When appellant entered his guilty plea, the trial court asked appellant if he was "pleading guilty of [his] own free will and accord?" Appellant answered that he was. The court then asked appellant if "anyone promised [him] anything, coerced [him] or [did] any violence to [him] to make [him] plead guilty?" Appellant answered that no one had. The trial court admonished appellant on the range of punishment and confirmed that appellant had not entered into a plea bargain with the State. Appellant's trial counsel stated that appellant was knowingly and voluntarily waiving his rights to plead not guilty and bring witnesses.

1. We recognize the State has the burden to prove appellant's guilt beyond a reasonable doubt and must insure the trial record contains sufficient evidence to sustain that burden. *See* TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1994). We also recognize appellant has the burden to furnish a sufficient appellate record to sustain his point of error. *See* TEX.R.APP.P. 50(d). Appellant brought forward the court reporter's certification that this was the entire trial record. He sustained his burden.

2. Judge Onion opined that the evidence failed to comply with article 1.15, not the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *Bender,* 758 S.W.2d at 280–81.

We find that appellant freely and knowingly entered his guilty plea. Because appellant freely and knowingly entered his guilty plea, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not preclude a second trial.

We reverse the trial court's judgment. We remand to the trial court for a new trial.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

■ In its motion for rehearing, the State argues this Court erred in finding appellant presented the complete record on appeal. Specifically, the State argues appellant's designation of the record properly requests the clerk of the trial court to include in the record the originals of all exhibits. The State contends this request properly presented to this Court the waiver form contained in the transcript. The State then asserts this same waiver form is the "signed written judicial confession and Stipulation of Evidence" that the State offered and the trial court admitted into evidence.[1] We overrule the State's motion for rehearing.

■ If the trial court finds a criminal appellant is unable to pay for a statement of facts, the court must order the court reporter to furnish the appellant with a statement of facts free of charge. Tex.R.App.P. 53(j)(2). The rule makes the trial court responsible for furnishing an indigent appellant with a statement of facts. The clerk is responsible for compiling and preparing the transcript. Tex.R.App.P.Crim. app. 1(a)(1). The court reporter is responsible for preparing the statement of facts. See Tex.R.App.P.Crim. app. 1(b)(4). Copies of exhibits are to appear in numerical order at the end of *the statement of facts.* Tex.R.App.P.Crim. app. 1(b)(6).

Appellant filed a notice of appeal and pauper's oath. The trial court ordered its court reporter "to transcribe all of the notes as same may appertain to this cause and as

taken during the trial of this cause ... and make Statement of Facts in duplicate and furnish same to Defendant or his appointed Counsel." Appellant's designation of the record is properly addressed to the trial court. Regardless of how appellant phrased his designation of the record, it is the court reporter, not the clerk, who prepares the statement of facts.

If the trial court admitted a judicial confession as an exhibit, it should appear in the statement of facts. Neither statement of facts has any attached exhibits. The only exhibit table in the entire record says no exhibits were offered.

We agree with the State that the court reporter's certification of the plea volume of the statement of facts says the transcription "reflects the exhibits, if any, identified and/or admitted by the parties." The State defines "reflect" as "to manifest as a result of one's actions." *See* American Heritage Dictionary of the English Language (1980).[2] The State then argues that the statement of facts "manifests" that a judicial confession was admitted at the plea hearing. We cite the State to another definition of "reflect"—"to give back or exhibit as an image, likeness, or outline: reproduce or show as a mirror does." Webster's Third New International Dictionary 1908 (1981). This statement of facts does not "exhibit" any image, likeness, or outline of the exhibits admitted at trial.

■ We agree with the State that any written waivers should be contained in the transcript. *See* Tex.R.App.P. 51(a). However, it is appellant's judicial confession, not his waivers, which concerns this Court. Appellant cannot waive the requirements of article 1.15. The issue on appeal is whether the State placed *evidence* of appellant's guilt in the record. *See* Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 1994). The only "manifestation" of a confession is the State's assertion in its brief that the waiver form is the judi-

---

1. The State also offered and the trial court admitted State's Exhibit 2, the factual summary, into evidence. The State ignores and attempts no explanation for the absence of State's Exhibit

2. Nowhere, not even in the transcript, does any document resembling a factual summary appear.

2. The State does not include a page cite in its motion.

cial confession. Nothing in the record indicates that this "waiver form" is the same judicial confession referred to in the statement of facts. The record contains no evidence of appellant's guilt.

Lastly, the State argues and maintains that because it supplemented the record with the statement of facts from appellant's plea of guilty, this Court cannot review the sufficiency of the evidence. It is of no consequence that the State supplemented that portion of the record. What matters is that when this case was submitted to the Court, the entire official record was before us. That record does not support appellant's conviction.

We deny the State's motion for rehearing.