wade 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00572-CR


NO. 03-94-00573-CR







Marcus Levinsky Wade, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT


NOS. F94-42090-R AND F94-42396-R, HONORABLE KEITH T. DEAN, JUDGE PRESIDING







 Appellant Marcus Levinsky Wade appeals from convictions for the offense of
burglary. Tex. Penal Code Ann. § 30.02 (West 1994). In each case, the trial court assessed
punishment, enhanced by a prior felony conviction, at imprisonment for forty-five years. In his
sole point of error, appellant asserts that the evidence is insufficient to support his pleas of guilty
to the offenses charged in the indictments. We will affirm the judgments.

 When a plea of guilty is entered before the court in a felony case, the State must
introduce evidence into the record showing the guilt of the defendant and in no event shall a
defendant be convicted on his plea without sufficient evidence to support the conviction. Tex.
Code Crim. Proc. Ann. art. 1.15 (West Supp. 1995). Evidence to support the conviction may be
stipulated if the defendant in open court consents in writing and waives the appearance,
confrontation, and cross-examination of witnesses. Id. The consent and waiver must be approved
by the trial court in writing and the document filed in the papers of the cause. Id. A judicial
confession is sufficient to sustain a conviction on a plea of guilty and to satisfy the requirements
of Article 1.15. Dinnery v. State, 592 S.W.2d 343, 353-54 (Tex. Crim. App. 1979); Potts v.
State, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978); King v. State, 341 S.W.2d 654, 655 (Tex.
Crim. App. 1960); Lopez v. State, 852 S.W.2d 695, 697 (Tex. App.--Corpus Christi 1993, no
pet.) (evidence admitted during punishment phase of trial); see also Rexford v. State, 818 S.W.2d
494 (Tex. App--Houston [1st Dist.]), pet. ref'd, 823 S.W.2d 299 (Tex. Crim. App. 1991).

 In reviewing the legal sufficiency of the evidence, an appellate court must
determine whether, after viewing the evidence in the light most favorable to the judgment, any
rational trier of fact would have found the essential elements of the offense beyond a reasonable
doubt. Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991); Lopez, 852 S.W.2d at
697.

 Appellant was charged with the burglary of two habitations. Each of the
indictments alleged appellant's conviction of a prior felony to enhance his punishment. In each
case, appellant waived his right to a jury trial and without the benefit of a plea bargain, entered
a plea of guilty to the burglary charge and a plea of true to the enhancement allegation.

 Appellant entered his pleas on July 29, 1994, and the court explained the charges
and admonished appellant of the applicable punishment range. Appellant's pleas of guilty were
accepted by the court, and appellant waived the reading of the indictments. The State offered and
the trial court admitted State's Exhibits 1 and 2, which were appellant's signed and written judicial
confessions, stipulations of evidence, factual summaries of the cases, and appellant's pleas of true. 
The causes were then reset for a punishment and sentencing hearing after the completion of a
presentence investigation.

 The statement of facts does not include State's Exhibits 1 and 2. The court
reporter's notes explain that those exhibits are "contained in transcript." No documents in the
transcript are marked as State's Exhibits 1 and 2. Appellant argues that since no documents in
the transcript bear exhibit labels, the instruments found there do not appear to be the "judicial
confession[s]" admitted in evidence.

 In each case, the transcript includes the appellant's jury waiver and his consent to
stipulate evidence all signed by appellant, his counsel, and the prosecutor. They were approved
and signed by the trial court and filed in the papers of the trial court as required by Article 1.15. 
Included within those documents is appellant's judicial confession to each alleged offense:



I do further admit and judicially confess that I am the person named in the charging
instrument and that I understand the charge contained therein and I am GUILTY
of the offense of burglary of a habitation exactly as alleged in the charging
instrument . . . and I confess that I did unlawfully commit the offense in Dallas
County, Texas on the [dates alleged] exactly as alleged in the charging instrument
. . . and agree that the Court can consider the evidence and stipulation of testimony
in determining guilt . . . .



Those documents, as required by article 1.15, were filed in the papers of the cause, and they
appear in the transcript in each case. The judicial confession which is an integral part of the filed
documents in each case constitutes sufficient evidence to support appellant's convictions.

 Appellant directs our attention to Pitts v. State, 896 S.W.2d 802 (Tex. App.--Dallas,
pet. filed). The documents and procedural facts in this case are similar to those in Pitts, where
the Fifth Court of Appeals found the evidence insufficient to support a guilty plea conviction. 
While we do not necessarily agree with the Pitts opinion, that case is distinguishable from the
instant case. In Pitts, the court of appeals noted:



No oral or written stipulation of evidence appears in the record. Appellant gave
no sworn testimony. The court did not ask appellant if he was pleading guilty
because he was guilty. At no time did appellant testify that he read the charging
instrument, nor was he asked if the charging instrument or its allegations were true
and correct. We conclude this record contains no evidence to support appellant's
conviction. We sustain appellant's third point of error.



Id. at 805. In this case immediately after State's Exhibits 1 and 2 were admitted in evidence, the
appellant was asked, "Mr. Wade, you're pleading guilty to the indictment as it's alleged because
you are guilty; is that right?" Appellant answered, "Yes." Since both cases were joined for trial
we believe the reference to "indictment" in the singular referred to the indictment in each case. 
Moreover, there is other evidence in this case that distinguishes it from Pitts.

 On August 11, 1994, after the presentence investigation was completed, appellant
and his counsel appeared for the punishment and sentencing hearing, and the appellant was sworn
and testified in answer to his counsel's questions.



Q: And both of these offenses were committed in order to get money to buy
drugs; is that correct?


A: Yes, they were.


Q: In fact, during each one of these offenses, you were, at the time you were
committing it, under the influence of drugs; is that correct?


A: Yes.



 On cross-examination by the prosecutor, appellant testified:



Q: Mr. Wade, you previously entered a plea of guilty to each one of these
cases admitting that you committed these offenses exactly as you're
charged in the indictments; is that correct?


A: Yes.


Q: You've also entered pleas of true stating that the allegations regarding a
previous conviction, previous felony conviction, is also true; is that correct?


A: Yes.


Q: And you're pleading guilty just exactly as you're charged and pleading true
to each one of the enhancement paragraphs in each of the respective
indictments; is that correct?


A: Yes.



 While appellant was still on cross-examination he was asked about one of the
offenses and testified:



Q: Well, what did you do to Ms. Childers, sir?


A: Well, when I went in, I didn't know anyone was there. I knocked on the
door and I went in, and that's when I saw her there, and as I went through
the room, she was following me around asking me to leave. You know, I
told her I was on drugs and I asked for money, and she said, "No, just
leave," and I was just putting stuff in my pocket as I went out the door.


* * *



Q: She's [Childers] not lying about the fact that you took her jewelry, took her
credit cards, took other valuables, though, is she?


A: No, I took those things.



 We hold that the evidence is sufficient to support appellant's conviction for
burglary in each cause and to support the enhancement allegations.

 The judgments are affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 16, 1995

Do Not Publish









* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).