**Charles William PITTS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 0658–95.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 28, 1996.

---

John G. Tatum, Dallas, for appellant.

Sue Korioth, Asst. Dist. Atty., Dallas and Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

Appellant pled guilty before the trial court to possession of a controlled substance, and his punishment was assessed at confinement for thirty-five years. The Court of Appeals reversed the conviction, holding there was no evidence in the record to support Appellant's plea of guilty as required by Article 1.15, V.A.C.C.P.[1] *Pitts v. State*, 896 S.W.2d 802 (Tex.App.—Dallas 1994). We granted the State's petition to address the correctness of that holding.

During the plea proceedings, counsel for Appellant announced that Appellant agreed the trial court could receive his signed written judicial confession. The prosecutor responded, "the State offers as State's Exhibit # 1, the defendant's signed written judicial confession and stipulation of evidence and No. 2, a factual summary, as contained in the Court's file." Appellant's counsel stated he had no objection and the trial court admitted both documents.

When Appellant designated the record for purposes of appeal, he requested that all proceedings be transcribed and included in the statement of facts; however, the court reporter initially filed only the statement of facts from the punishment hearing. This volume contains an exhibit index, with the certification: "No exhibits offered in these proceedings by either side." When the statement of facts was filed in the Court of Appeals and the State discovered the plea proceedings had not been transcribed, it requested that the appellate record be supplemented with that portion of the proceedings. The Court of Appeals granted the State's motion, and the volume containing the proceedings from Appellant's plea of guilty was

---

1. Art. 1.15 provides in part:
   [I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statement of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

filed. This volume does not include an exhibit index or any exhibits.

The transcript, however, contains a document entitled "Waiver of Jury Felony Plea of Guilty/Nolo Contendere/Indictment/Information." It bears a file mark and the signatures of Appellant, trial counsel, the prosecutor, and the trial court. Within the body of this document is a section entitled, "Defendant's Waivers and Judicial Confession." It states in part:

> I admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and I am guilty of the offense of possession of cocaine in an amount of less than 28 grams exactly as alleged in the indictment including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the 2 *[sic]* day of November, 1992.

This portion of the document further states, "I agree that the Court may consider my judicial confession as evidence in this case." This section is signed by Appellant. Immediately above the trial court's signature is the recitation, "The Court therefore finds such plea, and all waivers, agreements, and consents contained herein to be freely and voluntarily made and accepts the plea and approves the consent to stipulate testimony."

The Court of Appeals held there was no evidence in the record to support Appellant's plea of guilty. *Pitts,* 896 S.W.2d at 807. It noted that no judicial confession was contained in the statement of facts. While it acknowledged that the transcript contained the document set out above, it refused to consider it, as there was no showing it was State's Exhibit # 1. *Ibid.* It concluded that because the statement of facts did not contain a valid judicial confession or any other evidence of guilt, the requirement of Art. 1.15 that the State "introduce evidence into the record showing the guilt of the defendant" had not been satisfied. *Id.* at 806–07.

In its second ground for review, the State submits that by refusing to consider the judicial confession in the transcript as "evidence

in the record" to support Appellant's guilty plea, the Court of Appeals implicitly held that the transcript is not a part of the appellate record.[2] The State is correct that the transcript is a mandatory part of the appellate record. Tex.R.App.Pro. 50(a). The judicial confession in the transcript is therefore in the appellate record and, to the extent the Court of Appeals held there was no judicial confession in the record, it was incorrect. The broader issue before this Court is whether a judicial confession contained in the transcript, but not found in the statement of facts, may be considered as evidence to support a plea of guilty under Art. 1.15.

The State argues the Court of Appeals' opinion conflicts with *Rexford v. State,* 818 S.W.2d 494 (Tex.App.—Houston [1st Dist.] ), pet. ref'd, 823 S.W.2d 296 (Tex.Cr.App.1991). In that case, the judicial confession was never offered or admitted into evidence; however, it was signed by all parties, including the trial judge, and was filed. It stated that the allegations in the indictment were true and that the trial judge approved the document. The Court of Appeals held that because the judicial confession had been filed with and approved by the trial court, it would support the judgment. *Rexford,* 818 S.W.2d at 495–96. In reaching this conclusion, the Court of Appeals relied on authority from this Court holding that when the parties treat a piece of evidence as having been admitted, the appellate courts will treat it as such despite the lack of formal admission into evidence.

Among the cases the *Rexford* court relied upon was *Killion v. State,* 503 S.W.2d 765 (Tex.Cr.App.1973), in which the defendant pled guilty and entered into a written stipulation admitting his guilt. This stipulation was approved by the defendant's counsel and the court and was file marked. Although the trial court referred to the stipulation during the plea colloquy, it was neither formally offered nor admitted into evidence. This Court assumed that the stipulation to which the trial court referred during the plea proceedings was the written stipulation approved and filed. We held that because counsel did not object when the trial court treated it as having been admitted, it would

---

2. We need not address the State's first ground
for review due to our disposition of ground two.

Accordingly, ground one of the State's petition is
dismissed.

be considered in support of the judgment as if formally admitted. *Id.* at 766. See also *Ex parte Reagan,* 549 S.W.2d 204 (Tex.Cr. App.1977) (governor's warrant in extradition proceedings); *Kissinger v. State,* 501 S.W.2d 78 (Tex.Cr.App.1973) (stipulation of evidence); *Richardson v. State,* 475 S.W.2d 932 (Tex.Cr.App.1972) (exhibits).

In the instant case, however, State's Exhibit # 1 was not merely treated as if admitted, but was in fact formally offered and admitted into evidence, although it does not appear in the statement of facts before us.[3] Appellant did not take issue with the State's characterization of State's Exhibit # 1 as "the defendant's written judicial confession ... contained in the court's file," and he did not object to its admission into evidence. In fact, immediately before this exhibit was offered and admitted, Appellant's counsel announced that the trial court could "receive" Appellant's signed written judicial confession. This Court accepts as true factual assertions made by counsel which are not disputed by opposing counsel. *Emerson v. State,* 820 S.W.2d 802 (Tex.Cr.App.1991); *Canada v. State,* 660 S.W.2d 528 (Tex.Cr.App.1983); *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App. 1975). Therefore, we accept as true that State's Exhibit # 1 was Appellant's written judicial confession, and that it was the same one contained in the court's file. The Court of Appeals erred by holding there was no proof that the judicial confession contained in the transcript was the same one admitted into evidence as State's Exhibit # 1.

Thus, the judicial confession found in the transcript was "evidence introduced into the record," and may be considered by the appellate court in determining whether the evidence sufficiently proved appellant's guilt. Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for reconsideration in a manner consistent with this opinion.

CLINTON, J., concurs in the result.

---

3. In this case, we are not presented with a situation in which the exhibits have been lost or destroyed and the defendant seeks a new trial pursuant to Tex.R.App.Pro. 50(e).