IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20815
Summary Calendar
_____


ROBERT GORDON,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-4127
- - - - - - - - - -

July 7, 1999

Before KING, Chief Judge, EMILIO M. GARZA and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

     Robert Gordon,  No. 319173, was granted a certificate of
probable cause (CPC) to appeal the dismissal of his 28 U.S.C.
§ 2254 petition.  Gordon raised eleven grounds for relief.  He
argues that the trial court erred by failing to grant his motion
to dismiss the indictment charging him with aggravated assault
for violations of Texas' Speedy Trial Act.  State speedy trial
statutes do not present a federal constitutional issue cognizable

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in a § 2254 proceeding.  See Davis v. Wainwright, 547 F.2d 261, 264 (5th Cir. 1977).  In addition, this claim was found meritless by the state courts.  This court will not review a state court's interpretation of its own law in a federal habeas proceeding.  See Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995).

Gordon argues that the bias and prejudice of the trial court judge effectively denied him due process of law during his trial.  He contends that his motion for copies of the state trial transcripts was granted, but he was never provided with the transcripts.  It is clear from Gordon's citation in his appeal brief to portions of the trial transcript that he had access to the state records in preparing his brief to this court.  Any alleged bias on the part of the state courts is therefore irrelevant in this court.

Gordon argues that the trial court abused its discretion when it quashed the subpoena of defense witnesses who would have offered testimony regarding the invalidity of Gordon's prior convictions which were used to enhance his sentence.  According to Gordon, when he pleaded guilty to the 1977 offenses, he did so with the understanding that he was to receive two four-year probated sentences.  He did not know and was never informed that in the event his probation was revoked, he would have to serve two consecutive four-year sentences, as opposed to two concurrent four-year sentences.  Gordon thus contends that the 1977 convictions are void.

Gordon correctly points out the district court's erroneous reliance on the Court of Criminal Appeals' opinion on original

submission, which reformed the sentences to run concurrently. That opinion was reversed on the state's motion for rehearing. See Gordon v. State, 575 S.W.2d 529, 534-35 (Tex. Crim. App. 1979). However, both federal and state law cases indicate that the voluntariness of a guilty plea is not affected by a court's failure to inform a defendant that sentences for separate offenses may be "stacked" or "cumulated." See United States v. Humphrey, 164 F.3d 585, 587 (11th Cir. 1999), citing United States v. Saldana, 505 F.2d 628, 628 (5th Cir. 1974); Matheson v. State, 832 S.W.2d 692, 694 (Tex. App. 1992); Ybanez v. State, 770 S.W.2d 106 (Tex. App. 1989). Even if Gordon's "stacked" sentences could be deemed invalid, it is unlikely that the underlying convictions would be invalidated and unavailable to enhance his punishment at the 1986 trial. See Gutierrez v. Estelle, 474 F.2d 899, 901 (5th Cir. 1973)(lack of counsel at sentencing invalidated sentence, but underlying conviction remained valid for purposes of enhancement of subsequent conviction). Thus, the punishment phase of Gordon's trial would not have been affected by the issuance of the requested subpoenas.

Gordon argues that the trial court erred by requiring Gordon to testify in his own defense prior to the testimony of any other defense witnesses. The record does not support this assertion, and in fact, indicates that Gordon's counsel had him testify first because he had no other witnesses, was unsure if he would be able to obtain other testimony, and wanted to insure that the self-defense theory was introduced. Gordon's assertion that the

prosecutor, Latham Boone, corroborated his claim is equally meritless. These assertions lack a factual basis in the record.

Gordon argues that the trial court erred by admitting extrajudicial statements made by Gordon in the context of a prison disciplinary hearing. He contends that the prosecutor was guilty of misconduct because the state should not have been allowed to cross-examine him about his failure to claim self-defense in response to a disciplinary charge filed against him as a result of the same aggravated assault for which he was charged and convicted herein.

State evidentiary rulings generally are not reviewable through federal habeas proceedings. A petitioner must establish that the error was of such magnitude that he was denied fundamental fairness under the Due Process Clause. Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988). Whether a petitioner received a fundamentally fair trial hinges on whether the admitted evidence involved a "crucial, critical, or highly significant factor in the context of the entire trial." Id. (citation omitted). Similarly, this court's task in reviewing a claim of prosecutorial misconduct is to decide whether the misconduct casts serious doubt upon the correctness of the jury's verdict. United States v. Carter, 953 F.2d 1449, 1457 (5th Cir. 1992). For prosecutorial misconduct to warrant a new trial, it "must be so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. Stewart, 879 F.2d 1268, 1271 (5th Cir. 1989).

The record indicates that although the prosecution may have discredited Gordon's self-defense theory, there was substantial and compelling evidence which did much more to discredit Gordon's self-defense theory. First, the state introduced a letter found in Gordon's cell which detailed a proposed plan of attack on the complainant, a plan which was substantially similar to the method of attack actually used. Second, Gordon admitted making a spear prior to the attack, with the idea of stabbing Robert Cox (the assaulted inmate) with it. Moreover, under Tex. R. Crim. Evid. 801(e), a prior inconsistent statement by a witness is not hearsay and is admissible for impeachment purposes. See also Michigan v. Harvey, 494 U.S. 344, 350-51 (1990)("although statements taken in violation of . . . *Miranda* rules may not be used in the prosecution's case in chief, they are admissible to impeach conflicting testimony by the defendant"); Bradford v. Whitley, 953 F.2d 1008, 1010-11 (5th Cir. 1992)(prosecutor may use edited transcript of confession allegedly obtained in violation of Sixth Amendment right to counsel as long as such use was limited to impeachment purposes). This claim lacks merit.

Gordon alleges that the prosecutor, defense counsel, and the trial court engaged in *ex parte* communications[**] regarding the possibility of a post-conviction plea bargain. He contends that after he was convicted and sentenced, and while his motion for new trial was pending, the trial court judge, his attorney, and

---

[**] Actually, Gordon's brief does not mention *ex parte* communications. However, his allegations make no sense unless viewed in the context of the facts noted by the district court. See R. 1, tab 34, 20.

the prosecutor discussed, *ex parte*, the possibility of a plea agreement. Gordon alleges that he rejected a plea agreement in the belief that the trial court had granted his motion for a new trial. Thus, the *ex parte* communication, along with the trial court's denial of his motion for new trial on the basis that he had rejected a plea agreement, resulted in a violation of his due process and equal protection rights.

Despite the conference at which a plea agreement was discussed, there is nothing to suggest that the trial court's denial of Gordon's motion for new trial was based upon his refusal to enter into a plea agreement. Nor is there any evidence that the trial court indicated to Gordon or his attorney that his motion for new trial had been or would be granted. This claim lacks a foundation in the record.

Gordon alleges ineffective assistance of counsel based on counsel's failure to object at the guilt-innocence phase of trial to the prosecutor's repeated references to the fact that he was housed in an administrative segregation unit of the prison, where violent inmates are housed. The prosecutor also stated that the entire incident would not have occurred had Gordon been willing to "obey the Rules." He contends that these statements were inflammatory and prejudicial, as well as prohibited evidence of extraneous offenses.

The fact that Gordon was housed in administrative segregation with other violent inmates was relevant to the crime and, insofar as it suggested extraneous offenses or violence, it

was part of the *res gestae* and was therefore admissible.  See
Gaines v. Texas, 789 S.W.2d 926, 930 (Tex. App. 1990).

Gordon also complains that the aforementioned "extraneous"
facts had a prejudicial effect on the punishment phase of his
trial, as did the testimony of Sandy Estes and William Lymons.
Since the extraneous circumstances were admissible during the
guilt-innocence phase, their effect on the subsequent punishment
phase and on Gordon's sentence is not a separate issue.

Likewise, the testimony of Lymons occurred during the guilt-
innocence phase of the trial.  Lymons' testimony concerned the
particulars of membership in the Aryan Brotherhood and the
Brotherhood's methods for obtaining favors from people like Cox
and for dealing with those who refused to cooperate.  The
testimony of Lymons was admissible to show motive.  See
Cunningham v. State, 982 S.W.2d 513, 523 (Tex. App. 1998)(gang
affiliation admissible to show motive), citing Tex. Rule Evid.
404(b).  Evidence of motive is admissible under Texas law as a
circumstance indicating guilt.  See Tex. Rule Evid. 404(b).

Estes was a reputation witness during the punishment phase
of Gordon's trial.  At the punishment phase of trial, the
reputation of a defendant is an issue, and the state is entitled
to introduce such evidence.  Wilson v. State, 857 S.W.2d 90, 96
(Tex. App. 1993), citing Tex. Code Crim. P. Ann. art. 37.07,
§ 3(a) (Vernon Supp. 1993).  A witness must have been familiar
with the reputation, or with the underlying facts or information
upon which the opinion is based, prior to the offense.  Id.  As
assistant warden for two years in the prison where Gordon was

housed, Estes was sufficiently familiar with Gordon's activities and reputation apart from the charged offense to give reputation testimony.  See id., citing Tex. R. Crim. Evid. 405(a)(testimony of probation officer).  Defense counsel did not err in failing to object to Estes' testimony.

Gordon complains of counsel's failure to object to the introduction, via penitentiary packets ("pen packs"), of his two prior convictions for theft and unauthorized use of a motor vehicle.  Gordon also contends that the prosecutor improperly brought up extraneous offenses (*i.e.*, his conviction for credit card abuse) by noting the reason his probation was revoked.

Under Tex. Code Crim. P. Ann. art. 37.07, § 3(a), the state may properly introduce, during the punishment phase, evidence of a defendant's prior convictions.  See Liggins v. State, 979 S.W.2d 56, 67-68 (Tex. App. 1998).  Gordon's conviction for credit card abuse was therefore admissible.  Id.  Penitentiary packets are generally insufficient, standing alone, to prove prior convictions.  See Zimmer v. State, 989 S.W.2d 48, 50-51 (Tex. App. 1998).  The state must show by independent evidence that the defendant is the person so previously convicted.  Id. This was accomplished when Gordon admitted on direct examination that he pleaded guilty and was convicted of theft and unauthorized use of a vehicle to avoid disclosing an alias and thus facing prosecution in California.  Thus, counsel's failure to object to the use of pen packs was not error.  See id.

Gordon argues that his prior convictions which were used for enhancement purposes were void.  As previously noted, Gordon

admitted that he pleaded guilty to those charges.  He also admitted that all of his appeals were denied.  This claim is frivolous.

Gordon has failed to demonstrate that counsel's performance was deficient.  Therefore, his ineffective-assistance-of-counsel claim must fail.  See Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

The district court concluded that Gordon's challenge to the validity of his two 1977 convictions, which were used for enhancement of his sentence, should be dismissed as an abuse of the writ.  The district court based this determination on Gordon's three federal § 2254 petitions challenging the 1977 convictions, filed before he was convicted on the instant aggravated assault charge.  Because those prior § 2254 petitions did not challenge Gordon's subsequent 1986 conviction for aggravated assault, which he challenges in the instant § 2254 petition, they cannot form the basis of a Rule 9(b) dismissal.  Nor can the previous § 2254 petition challenging the aggravated assault conviction, since the district court did not rule on the merits of the claims presented therein.  See e.g., In re: Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997); Jones v. Estelle, 722 F.2d 159, 168 (5th Cir. 1983)(en banc); see also Benton v. Washington, 106 F.3d 162, 164-65 (7th Cir. 1996)(cited with approval in Gasery for proposition that a habeas petition refiled after dismissal without prejudice is neither second nor successive).  The district court abused its discretion in dismissing as an abuse of the writ Gordon's challenge to the use of his 1977

convictions to enhance his sentence.  See United States v. Flores, 981 F.2d 231, 234 (5th Cir. 1993)(abuse of discretion standard; § 2255 case).

Nonetheless, the claim must fail.  Gordon attempted at trial to establish that his guilty pleas to the theft and unauthorized use of a vehicle charges (1977 convictions) were invalid, and he asserts in his brief that his court-appointed attorney did not explain to him the consequences of his sentence of probation being revoked.  The state established on cross-examination that Gordon had exhausted, to no avail, all available state procedures for obtaining relief from his 1977 convictions, and that this claim was not credible.  The record does not contain any factual support for the allegation that Gordon's 1977 convictions for theft and unauthorized use of a vehicle are void or voidable, and Gordon has not presented a legal basis for such a finding.  This argument lacks merit.

Gordon's final argument that the district court erred in failing to appoint counsel for him is meritless.  Gordon has failed to demonstrate that the interests of justice required the appointment of counsel for him.  See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985).  Accordingly, his motion for appointment of counsel is DENIED.

Gordon has failed to make an adequate showing of error on any of his claims.  The denial of his habeas petition is therefore AFFIRMED.