COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-08-349-CR

 

 

PETER AUSTIN SEYMOUR                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Pursuant
to a plea bargain, Appellant Peter Austin Seymour pled guilty to felony driving
while intoxicated (DWI) and true to the enhancement allegations, and the trial
court convicted him of felony DWI and sentenced him to twenty-five years=
confinement.  The plea agreement
preserved Appellant=s right to appeal the denial of
his pretrial motion to quash.








In two
points, Appellant argues that the trial court erred by imposing an illegal
sentence not supported by the evidence and that the trial court erred by
failing to determine whether the statutory minimum was grossly
disproportionate, considering the circumstances of the offense, prior to
denying the motion to quash.  Because the
trial court did not err, we affirm the trial court=s
judgment. 

In his
first point, Appellant argues that the trial court imposed an illegal sentence
not supported by the evidence because the only evidence that the State offered
was State=s Exhibit One.  The State identified its exhibit as a
document containing Appellant=s
judicial confession.  The trial court
responded, AMr. Seymour, at this time the
Court accepts your judicial confession and your plea of guilty.  I find you guilty of the offense as alleged
by indictment.@ 
The reporter=s record contains a State=s
Exhibit One, but that exhibit is not a judicial confession; instead, it is a
Drägersafety violation report admitted at a bond hearing held almost three
months before the plea hearing.  The
exhibit that was offered during the plea proceeding is not included in the
reporter=s
record.  It is, however, included in the
clerk=s record
as ADEFENDANT=S
WAIVERS AND JUDICIAL CONFESSION.@








Appellant
argues that because the judicial confession is not marked as an exhibit, it was
never admitted by the court and therefore is not part of the evidence in the
case.  Texas Code of Criminal Procedure
article 1.15 provides,

No person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless the defendant, upon entering a plea, has in open court in
person waived his right of trial by jury in writing in accordance with Articles
1.13 and 1.14; provided, however, that it shall be necessary for the state to
introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.[2]

 

When a
jury has been waived, therefore, the judgment of guilt in a felony case must be
supported by evidence even when a plea of guilty is entered.[3]  The supporting evidence must include every
essential element of the offense charged.[4]
A[A] judicial
confession, standing alone, is sufficient to sustain a conviction upon a
guilty plea and to satisfy the requirements of Article 1.15.@[5]








The law
is well established that undisputed factual assertions made by counsel or by
the trial court in open court will be accepted as true.[6]  Therefore, when both the State and the trial
court refer to State=s Exhibit One as Appellant=s
written judicial confession that was already in the paperwork, we accept as
true the fact that State=s Exhibit One is a judicial
confession Aalready in the paperwork.@  Additionally, the clerk=s record
contains a copy of Appellant=s
written judicial confession.

We hold
that State=s Exhibit One referred to in the
record as Appellant=s written judicial confession
and plea papers Aalready in the paperwork@ is the
same document offered into evidence by the State as State=s
Exhibit One.  Apparently, the court
reporter either omitted from the appellate record the correct State=s
Exhibit One for the plea hearing or marked the wrong document as State=s
Exhibit One at the plea hearing.  In any
event, the mistake is clerical and not a failure of proof.

In
addition to the judicial confession to felony DWI contained in the clerk=s
record,  Appellant also entered his plea
of true to both enhancement paragraphs in open court.  Because the State offered and the trial court
admitted sufficient evidence to prove all the elements of the offense alleged
against Appellant, we hold that the evidence is sufficient and that the
sentence is not illegal on the basis of the absence of evidence.  We overrule Appellant=s first
point.













In the
trial court, on the same day but before entering his plea, Appellant sought to
quash the punishment enhancement paragraphs as a violation of due process, as
cruel and unusual punishment, and as a violation of double jeopardy
prohibitions.  He preserved this
complaint as part of his plea bargain. 
On appeal, he raises only the propriety of a twenty-five-year sentence
under the current circumstances, arguing that the statutory minimum sentence of
twenty-five years is disproportionate to the offense committed.  This court has held, as has the Texas Court
of Criminal Appeals, that when the sentence imposed is within statutory limits,
as it is here, the sentence is generally not subject to challenge for
excessiveness.[7]  That is not to say that an Eighth Amendment
gross-disproportionality review will never be appropriate when a sentence falls
within the legislatively prescribed range. 
But, in this case, it is clear that the minimum sentence of twenty-five
years is an appropriate sentence as determined by the legislature and based
upon the trial court=s informed normative judgment;
the sentence is therefore not constitutionally infirm.[8]  The sentence is far from the maximum sentence
that could be imposed.  Indeed, it is the
minimum sentence that could be imposed under the statutory scheme of DWI
legislation.[9]  It is the result of multiple prior DWI
offenses and felony offenses, it is within the legislatively prescribed range
of punishment, and it does not impose any irrationally punitive consequences.  We therefore hold that Appellant=s
sentence is not disproportionate to the offense.  We overrule his second point.

Having
overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
August 31, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon 2005).





[3]Young v. State, 8 S.W.3d 656, 660B61 (Tex. Crim. App.
2000).





[4]Stone v. State, 919 S.W.2d 424, 427
(Tex. Crim. App. 1996).





[5]Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. 1979) (op. on reh=g) (citations omitted).





[6]Pitts v. State, 916 S.W.2d 507, 510
(Tex. Crim. App. 1996).





[7]Dale v. State, 170 S.W.3d 797, 799
(Tex. App.CFort Worth 2005, no
pet.).





[8]See Ex parte Chavez,
213 S.W.3d 320, 323B24 (Tex. Crim. App.
2006).





[9]See Tex. Penal Code Ann. '' 12.42(d) (providing
that range of confinement for a person=s third felony conviction other than a state jail
felony conviction is twenty-five years to ninety-nine years or life),
49.09(b)(2) (making a person=s third DWI a felony) (Vernon Supp. 2008).