

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-349-CR**

PETER AUSTIN SEYMOUR                                     APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Pursuant to a plea bargain, Appellant Peter Austin Seymour pled guilty to felony driving while intoxicated (DWI) and true to the enhancement allegations, and the trial court convicted him of felony DWI and sentenced him to twenty-five years' confinement. The plea agreement preserved Appellant's right to appeal the denial of his pretrial motion to quash.

---

[1] *See* Tex. R. App. P. 47.4.

In two points, Appellant argues that the trial court erred by imposing an illegal sentence not supported by the evidence and that the trial court erred by failing to determine whether the statutory minimum was grossly disproportionate, considering the circumstances of the offense, prior to denying the motion to quash. Because the trial court did not err, we affirm the trial court's judgment.

In his first point, Appellant argues that the trial court imposed an illegal sentence not supported by the evidence because the only evidence that the State offered was State's Exhibit One. The State identified its exhibit as a document containing Appellant's judicial confession. The trial court responded, "Mr. Seymour, at this time the Court accepts your judicial confession and your plea of guilty. I find you guilty of the offense as alleged by indictment." The reporter's record contains a State's Exhibit One, but that exhibit is not a judicial confession; instead, it is a Drägersafety violation report admitted at a bond hearing held almost three months before the plea hearing. The exhibit that was offered during the plea proceeding is not included in the reporter's record. It is, however, included in the clerk's record as "DEFENDANT'S WAIVERS AND JUDICIAL CONFESSION."

Appellant argues that because the judicial confession is not marked as an exhibit, it was never admitted by the court and therefore is not part of the

2

evidence in the case.  Texas Code of Criminal Procedure article 1.15 provides,

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.[2]

When a jury has been waived, therefore, the judgment of guilt in a felony case must be supported by evidence even when a plea of guilty is entered.[3] The supporting evidence must include every essential element of the offense charged.[4] "[A] judicial confession, *standing alone*, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of Article 1.15."[5]

The law is well established that undisputed factual assertions made by counsel or by the trial court in open court will be accepted as true.[6] Therefore, when both the State and the trial court refer to State's Exhibit One as

---

[2] Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).

[3] *Young v. State*, 8 S.W.3d 656, 660–61 (Tex. Crim. App. 2000).

[4] *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

[5] *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g) (citations omitted).

[6] *Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996).

Appellant's written judicial confession that was already in the paperwork, we accept as true the fact that State's Exhibit One is a judicial confession "already in the paperwork." Additionally, the clerk's record contains a copy of Appellant's written judicial confession.

We hold that State's Exhibit One referred to in the record as Appellant's written judicial confession and plea papers "already in the paperwork" is the same document offered into evidence by the State as State's Exhibit One. Apparently, the court reporter either omitted from the appellate record the correct State's Exhibit One for the plea hearing or marked the wrong document as State's Exhibit One at the plea hearing. In any event, the mistake is clerical and not a failure of proof.

In addition to the judicial confession to felony DWI contained in the clerk's record, Appellant also entered his plea of true to both enhancement paragraphs in open court. Because the State offered and the trial court admitted sufficient evidence to prove all the elements of the offense alleged against Appellant, we hold that the evidence is sufficient and that the sentence is not illegal on the basis of the absence of evidence. We overrule Appellant's first point.

In the trial court, on the same day but before entering his plea, Appellant sought to quash the punishment enhancement paragraphs as a violation of due

4

process, as cruel and unusual punishment, and as a violation of double jeopardy prohibitions. He preserved this complaint as part of his plea bargain. On appeal, he raises only the propriety of a twenty-five-year sentence under the current circumstances, arguing that the statutory minimum sentence of twenty-five years is disproportionate to the offense committed. This court has held, as has the Texas Court of Criminal Appeals, that when the sentence imposed is within statutory limits, as it is here, the sentence is generally not subject to challenge for excessiveness.[7] That is not to say that an Eighth Amendment gross-disproportionality review will never be appropriate when a sentence falls within the legislatively prescribed range. But, in this case, it is clear that the minimum sentence of twenty-five years is an appropriate sentence as determined by the legislature and based upon the trial court's informed normative judgment; the sentence is therefore not constitutionally infirm.[8] The sentence is far from the maximum sentence that could be imposed. Indeed, it is the minimum sentence that could be imposed under the statutory scheme of

---

[7] *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).

[8] *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

DWI legislation.[9]  It is the result of multiple prior DWI offenses and felony offenses, it is within the legislatively prescribed range of punishment, and it does not impose any irrationally punitive consequences.  We therefore hold that Appellant's sentence is not disproportionate to the offense.  We overrule his second point.

Having overruled both of Appellant's points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT<br>JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2009

---

[9]  *See* Tex. Penal Code Ann. §§ 12.42(d) (providing that range of confinement for a person's third felony conviction other than a state jail felony conviction is twenty-five years to ninety-nine years or life), 49.09(b)(2) (making a person's third DWI a felony) (Vernon Supp. 2008).