hernandez V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-432-CR

PEDRO AGUIRRE HERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Pedro Aguirre Hernandez appeals from his conviction for possession of a controlled substance with intent to deliver.
(footnote: 2)  Appellant entered an open plea of guilty and elected to have the trial court assess punishment. The trial court sentenced appellant to twenty years’ confinement.  We affirm.

Appellant’s court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel also sent appellant by certified mail a copy of the motion to withdraw and the 
Anders
 brief, along with a letter explaining that appellant could file his own pro se brief.  In addition, this court informed appellant by letter of his opportunity to file a pro se brief, but he has not done so. 

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the 
Anders
 requirements, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

Because appellant pled guilty to the offense, he has waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea.  
See Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); 
Broddus v. State
, 693 S.W.2d 459, 461 (Tex. Crim. App. 1985).  However, if the judgment was not rendered independently of error occurring before entry of the plea, appellant may appeal that error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  Therefore, our independent review of the record for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of and supports the judgment of guilt, and potential errors occurring after the guilty plea.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann
. art. 4.05 (Vernon Supp. 2003).  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice.
  See
 
Tex. Const
. art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). [cr at 6]

The record of the plea hearing reveals that no error occurred before the judgment of guilt was rendered.  Appellant signed a judicial confession of guilt, which the trial court admitted into evidence [cr at 36-38; vol. 3 at 9; X1]; therefore, there is sufficient evidence in the record to support the judgment of guilt. 
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.15;
 Pitts v. State
, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996).  As a result, there is no appealable error under 
Young
.  8 S.W.3d at 666-67.  

The record reveals that appellant’s pleas were made knowingly and voluntarily.  The trial court properly admonished appellant regarding his rights.  
See
 Tex. Code Crim. Proc. Ann.
 art. 26.13.  Appellant then pled guilty to the court.  Nothing in the record supports a claim that appellant’s plea was involuntary.  Further, our independent review of the record has not revealed any evidence that trial counsel provided erroneous advice to appellant before or during the plea proceedings.  
See Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). 

Our review of the record from the trial on punishment also yields no reversible error. 
 The trial court assessed punishment within the statutorily permissible range.  Possession of a controlled substance of four or more but less than two hundred grams, with intent to deliver, is a first degree felony, with a penalty range of five to ninety-nine years or life in prison and up to a $10,000 fine.  
See
 
Tex. Health & Safety Code Ann. 
§ 481.112(a), (d); 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003).  Appellant was sentenced to twenty years’ confinement.  Thus, there is nothing to suggest that the trial court erred in sentencing appellant.

While our independent review of the record indicates that appellant may have a claim of ineffective assistance of counsel based on his trial counsel’s cross-examination of the State’s witness at punishment, we do not believe that it is an arguable ground for appeal.  Appellant testified at punishment, claiming that he had sold drugs only one time because he needed the money to support his family.  The State called Detective Jeff Davis, who testified that the police arrested appellant at an address on Coronado Street, where they found cocaine and stolen property.  Detective Davis also testified that officers had previously become aware of appellant pursuant to a search warrant they had for an address on Colorado Street.  According to Detective Davis, the officers had information that appellant “was involved in trafficking cocaine and trading [it] for stolen merchandise or cash” at the Colorado address.  When cross-examining Detective Davis, appellant’s counsel asked, “Did anyone actually see [appellant] selling drugs at the [Colorado] address?”, and Detective Davis answered, “Yes, sir.”  During its closing argument, the State pointed out that appellant lied to the court by saying he had sold drugs only once.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel’s performance was deficient; second, appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S.
 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  
If appellant fails to show either deficient performance or sufficient prejudice, he cannot prevail on his claim of ineffective assistance.  
Thompson
, 9 S.W.3d at 813.

Generally, the record on appeal is not sufficient to show that counsel’s performance was deficient 
because "[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.”  
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Therefore, it is usually more appropriate to raise ineffective assistance claims by writ of habeas corpus.  
Id
.  Here, the record is silent on trial counsel’s reasons for asking Detective Davis whether any witnesses actually saw appellant dealing drugs on Colorado Street.  No motion for new trial was filed; thus, appellant may not raise on appeal any facts not in the record.  
See
 
Tex. R. App. P.
 21.2.  This is a case where “the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Mallet v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  Accordingly, we do not believe appellant has an arguable claim on appeal that he received ineffective assistance of counsel at his trial on punishment.

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Health & Safety Code Ann. 
§ 481.112(a), (d)
 (Vernon 2003).