In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-119 CR


NO. 09-05-120 CR


NO. 09-05-121 CR


____________________



CARL AUSTIN, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause Nos. 24531, 24534, and 24914






 MEMORANDUM OPINION 


 Carl Austin, Jr. contends the trial court erred when it denied his motions for new trial
and contends that he was denied effective assistance of trial counsel. We affirm.

Background


 Austin and two of his friends traveled by car from Houston to Woodville, Texas, to
commit a robbery. In Woodville, Austin entered a store and committed an armed robbery. 
All three men then left in the car. Law enforcement officers followed them from the scene
and stopped their car. Austin and one of his friends, Nicholson, got out of the car and ran
into the woods in order to escape arrest. Nicholson exchanged gunfire with the law
enforcement officers during the attempted escape, but there was no evidence that Austin had
a firearm during the shootout. 

 Without the benefit of a plea bargain agreement, Austin pled guilty to three counts of
aggravated assault of a public servant, which are first degree felonies under these facts. Act
of May 28, 2003, 78th Leg. R.S., ch. 1019 § 3, section 22.02, 2003 Tex. Gen. Laws 2963-64. 
At a subsequent hearing, the trial judge sentenced Austin to forty years on each count, to be
served concurrently. 

 Austin's attorneys filed a motion for new trial on each count, all three of which the
trial court denied. In this appeal, Austin asserts the court erred in denying his motions for
new trial without holding an evidentiary hearing, and that his trial counsel rendered
ineffective assistance. 

Factual and Legal Sufficiency

 On appeal, Austin attacks the trial court's decision denying a new trial on the basis
that "the verdict is contrary to the law and evidence." However, Austin does not further
explain how or why the evidence did not support the trial court's decision. With respect to
legal sufficiency in a criminal case, we review all of the evidence in a light most favorable
to the verdict to decide if any rational trier of fact could find the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). With respect to factual sufficiency
in a criminal case, we consider all of the evidence in a neutral light and determine whether
evidence supporting "the verdict is too weak to support the finding of guilt beyond a
reasonable doubt or if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met." Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004); see also Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim.
App. 2004). 

 The record shows that Austin pled guilty in open court to these three felonies. The
record also contains Austin's signature on each of three judicial confessions, one for each
count. A judicial confession alone is sufficient evidence to support a verdict of guilty. Pitts
v. State, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996). We find that the evidence is legally
and factually sufficient to support each of Austin's three convictions.Failure to Hold Evidentiary Hearing

 We review a trial court's decision not to hold an evidentiary hearing on a motion for
new trial for abuse of discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App.
2003). The right to an evidentiary hearing to develop matters alleged within a motion for
new trial is not absolute. Reyes v. State, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993). 
The defendant's right to an evidentiary hearing attaches when the motion and supporting
affidavits raise matters that cannot be determined from the record but that could entitle the
defendant to relief. Wallace, 106 S.W.3d at108. To establish a right to a hearing on a motion
for new trial, the motion and supporting affidavits need only reflect that reasonable grounds
exist for granting a new trial. Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002).
It is not necessary that the motion for new trial and accompanying affidavits establish a prima
facie case for a new trial. Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

 Austin did not verify or attach affidavits to his motions for new trial. Each motion
asserts that Austin's plea was not knowing or voluntary, but each fails to explain how or why
the pleas were not knowing or voluntary. In addition, at his plea hearing, Austin stated that
he pled guilty because he was guilty. Austin's judicial confessions also expressly state that
the maximum punishment for each of the counts was a sentence of life, or not more than
ninety-nine years. 

 As a prerequisite to obtaining a hearing on a motion for new trial, the defendant must
support the motion with an affidavit showing the truth of the grounds for attack. King v.
State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000). Here, Austin's motions for new trial are
conclusory, and no evidence supports the motions that would put the trial court on notice that
any reasonable ground for relief existed. See Jordan, 883 S.W.2d at 665. Even when a
defendant supports his motion for new trial with affidavits, the court does not err in refusing
to hold an evidentiary hearing if the affidavits are insufficient to show to the trial court that 
a hearing is necessary to develop the record. Martinez, 74 S.W.3d at 21. 

 The State argues that the trial court did not abuse its discretion in failing to hold an
evidentiary hearing because there is no indication that Austin requested one. The State cites
Brooks v. State, 894 S.W.2d 843 (Tex. App. - Tyler 1995, no pet.) to support its argument. 
The holding in Brooks is consistent with Rule 21.6, which requires presenting a motion for
new trial to the trial court. Tex. R. App. P. 21.6; see Brooks, 894 S.W.2d at 847; see also
Carranza v. State, 960 S.W.2d 76 (Tex. Crim. App. 1998) (holding that appellant had burden
not only to file motion for new trial, but also to present it to trial court).

 In contrast to the record in Brooks, the record before us shows that the trial court
entered written orders denying each motion for new trial within ten days after they were
filed. Thus, it is clear that the trial court was aware of Austin's motions. The written orders
all state that the matters raised in the motions were considered, and without a transcript of
any non-evidentiary hearing the court may have held, we are unable to detect exactly how
the trial court conducted its inquiry into Austin's motions. With respect to motions for new
trial in criminal cases, the Texas Court of Criminal Appeals recently stated, "Generally, a
trial court should hold a hearing if the motion and attached affidavit raise matters that are not
determinable from the record that could entitle the accused to relief." Rozell v. State, 176
S.W.3d 228, 230 (Tex. Crim. App. 2005). 

 In our opinion, once a defendant presents his motion for new trial, the trial court then 
determines the type of hearing necessary to resolve any matters properly raised in the motion.
Therefore, we reject the State's argument that these motions were not presented to the trial
court where the record demonstrates that the trial court was aware of the motions. 
Nevertheless, because no affidavits supported the matters asserted in Austin's motions, he
was not entitled to an evidentiary hearing on his motions. King, 29 S.W.3d at 569. 
Accordingly, we hold that Austin failed to establish that the trial court erred by not 
conducting an evidentiary hearing on his motions for new trial. Issue one is overruled.

 Ineffective Assistance


 On appeal, Austin also asserts that he was denied effective assistance of counsel. To
establish ineffective assistance of counsel, an appellant must show that: "1) trial counsel's
performance was deficient because it fell below an objective standard of reasonableness; and
2) a probability sufficient to undermine confidence in the outcome existed that, but for
counsel's unprofessional errors, the result of the proceeding would have been different." 
Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (citing Strickland v.
Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) in explaining the two prong Strickland test
for ineffective assistance of counsel). 

 As a reviewing court, we cannot speculate as to the reasons why trial counsel acted
as he did; rather, we must be highly deferential and presume trial counsel's actions fell within
the wide range of reasonable and professional assistance. See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). Further, allegations of ineffectiveness must be firmly founded
in the record. Id. at 835. Generally, the trial record will not show whether there are sound
reasons or trial strategy justifying counsel's performance and, thus, will not suffice to
establish an ineffective assistance of counsel claim. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 

 Although Austin filed motions for new trial, the trial court did not conduct an
evidentiary hearing to explore defense counsel's trial strategy. As we previously discussed,
the trial court is not required to hold an evidentiary hearing absent affidavits supporting a
factual basis of the alleged grounds that would allow the court to grant a new trial. Because
Austin brings forward no evidence of ineffective assistance in the appeal, and his ineffective
assistance claim is not apparent from the face of the record before us, he fails to meet his
burden of proving ineffective counsel. Without an evidentiary record that adequately reflects
the motives behind counsel's action or inaction, proving that trial counsel was deficient is
difficult. Rylander, 101 S.W.3d at 110-11. Absent evidence to the contrary, we presume that
counsel's conduct fell within the wide range of reasonable professional assistance. 
Thompson, 9 S.W.3d at 814. 

 Moreover, the thrust of Austin's complaint on appeal is that his trial counsel failed to
inform him of a possible defense to the aggravated assault charges. Following the armed
robbery to which Austin was admittedly a party, his friend Nicholson engaged in an
unexpected shootout with the police. Austin cites "Mayfield v. State, 716 S.W.2d 509, 513
(Tex. Crim. App. 1986)" as authority for the proposition that his attorney should have
advised him about "a possible defense, the independent impulse theory, which holds that a
defendant, though admittedly intent on some wrongful conduct, did not anticipate the extent
of the wrongful conduct actually engaged in by his fellow co-actors or conspirators, and thus
cannot be held vicariously liable for the conduct of his fellow co-actors or conspirators that
was not anticipated." 

 In 2001, the Texas Court of Criminal Appeals overruled Mayfield to the extent it
suggested that an independent impulse created a defense that could potentially benefit the
non-participating party in subsequent criminal conduct of party members. Solomon v. State,
49 S.W.3d 356, 368 (Tex. Crim. App. 2001). Thus, appellate counsel's "possible defense"
assertion is erroneous in light of Solomon. Further, the Penal Code does not include
independent impulse as a defense to crimes. Id. Instead, the Penal Code makes all of the
parties to the initial robbery culpable for subsequent offenses committed in furtherance of
the initial armed robbery. See Tex. Pen. Code Ann. § 7.02 (Vernon 2003) (regarding one's
criminal responsibility for the conduct of another). 

 The record reflects that Austin had a proper understanding of his potential culpability
for Nicholson's shootout with the police. Without evidence in the record that establishes any
deficiency of trial counsel and rebuts the presumption of reasonable assistance, Austin is
unable to satisfy the first prong of Strickland. See Thompson, 9 S.W.3d at 813-14; Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (explaining that the record on direct
appeal is often particularly inadequate to reflect the failings of trial counsel when the
complaints concern errors of omission). 

 Finally, Austin fails to show how his counsel's errors, if any, caused harm. See
Rylander, 101 S.W.3d at 109-10 (requiring the defendant to show that as a result of his
counsel's unprofessional errors, the outcome of the proceeding would have been different).
Austin received a sentence well below the maximum on each of three offenses, and the judge
ordered that Austin's sentences run concurrently. Although Austin argues that further
investigation might have revealed more information, the record is silent regarding how
further information uncovered by additional investigation would result in a different
outcome. Issue two is overruled.

 Finding no reversible error, we overrule Austin's two issues and affirm the trial
court's judgment.

 AFFIRMED.





 ____________________________

 HOLLIS HORTON

 Justice



Submitted on January 26, 2006

Opinion Delivered April 12, 2006

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.