Affirmed as Reformed and Memorandum Opinion filed October 16, 2008








Affirmed as
Reformed and Memorandum Opinion filed October 16, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00053-CR

____________

 

ERNEST LEE TILLMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court

Harris County, Texas

Trial Court Cause No.
897528

 



 

M E M O R A N D U M   O P I N I O N








After a
plea of guilty without an agreed recommendation on punishment, appellant was
convicted of the offense of aggravated robbery. On November 20, 2002, appellant
was sentenced to confinement for thirty years in the Institutional Division of
the Texas Department of Criminal Justice.  Appellant filed a pro se notice of
appeal on August 19, 2005.  This Court dismissed his first appeal as untimely. 
See Tillman v. State, No. 14-05-00958-CR, 2005 WL 2386247, (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(not designated for publication).  The Court of Criminal Appeals then granted
appellant an Aout‑of‑time@  appeal on his application for writ of habeas corpus.  See
Ex Parte Tillman, No. AP-75,766, 2007 WL 2648995 (Tex. Crim. App. Sept. 12,
2007) (not designated for publication).  This appeal followed.

Appellant=s appointed counsel filed a brief in
which he concludes the appeal is wholly frivolous and without merit.  The brief
meets the requirement of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396 (1967), presenting a professional evaluation of the record and demonstrating
why there are no arguable grounds to be advanced.  See High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy
of counsel=s brief was delivered to appellant.  Appellant was advised of the right
to examine the appellate record and file a pro se response.  See Stafford v.
State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  Counsel also provided
appellant a copy of the record.  Appellant filed a pro se response to counsel=s brief, in which he challenged his
guilty plea and pointed out, among other matters, that the trial court=s judgment fails to include an
affirmative finding on the use of a deadly weapon.  








We have
carefully reviewed the record, counsel=s brief, and appellant=s response, and agree the appeal is
wholly frivolous and without merit.  We conclude that the omission of an
affirmative finding of the use of a deadly weapon in this case is a clerical
error.  See Asberry v. State, 813 S.W.2d 526, 530 (Tex. pp.C Dallas,1991, pet. ref=d) (holding the failure to include a
deadly weapon finding in the judgment where record shows trier of fact made
such a finding constitutes a clerical error and not an error of judicial
reasoning).  Although the judgment contains a clerical error, we find no error
requiring reversal or abatement for appointment of new counsel.[1] 
A discussion of the brief would add nothing to the jurisprudence of the state. 
Furthermore, we are not to address the merits of each claim raised in an Anders
brief or a pro se response when we have determined there are no arguable
grounds for review.  See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex.
Crim. App. 2005). 

Appellant
entered a guilty plea, with a judicial confession, to the offense as charged in
the indictment, and the indictment included an allegation that appellant used
or exhibited a deadly weapon.  A judicial confession admitted into evidence and
contained in the clerk's record is sufficient to prove appellant=s guilt.  See Pitts v. State,
916 S.W.2d 507, 510 (Tex. Crim. App. 1996).  In accepting the plea, the trial
judge made a factual finding that appellant used and exhibited a deadly
weapon.  That finding was omitted from the judgment, however.  An appellate
court has the power to correct a trial court=s written judgment if the appellate
court has the information necessary to do so.  French v. State, 830
S.W.2d 607, 609 (Tex. Crim. App. 1992);  Cobb v. State, 95 S.W.3d 664,
668 (Tex. App.CHouston [1st Dist.] 2002, no pet.);  see also Tex. R. App. P. 43.2.

Accordingly,
we reform the trial court=s judgment to include an affirmative finding of the use of a
deadly weapon.  The judgment of the trial court is affirmed as reformed..

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed October
16, 2008.

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown. 

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  When our examination of the record reveals that
nonfrivolous grounds for appeal exist in an Anders appeal, we ordinarily
abate the appeal and remand the cause to the trial court with instructions to
appoint a new attorney to file a brief raising the nonfrivolous grounds that we
have identified, as well as any additional grounds that the attorney
discovers.  See  Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991).  Here, however, we decline to abate the appeal and remand the cause to
the trial court for the appointment of new counsel.  See Bray v. State.
179 S.W.3d 725, 729 (Tex. App.CFort
Worth,2005, no pet.) (citing  Homan v. Hughes, 708 S.W.2d 449, 454 (Tex.
Crim. App. 1986) for the proposition that the law does not require courts to
perform useless tasks).  We instead exercise our authority to simply order the
judgment in this case reformed.