# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00251-CR
NO. 03-13-00252-CR
NO. 03-13-00253-CR
NO. 03-13-00254-CR

**Jason Wayne Brooks, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NOS. 67632, 67965, 68358 & 68359, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Jason Wayne Brooks was charged with four counts of burglary of a habitation, which is a second-degree felony. *See* Tex. Penal Code § 30.02(a), (c)(2). One of the indictments contained an enhancement paragraph regarding a prior conviction for aggravated robbery, *see id.* § 29.03, which elevated that burglary charge to a first-degree felony, *see id.* § 12.42(b). During a hearing before the district court, Brooks pleaded nolo contendere to the charges and also pleaded true to the enhancement allegation. In addition to his nolo contendere pleas, Brooks signed a judicial stipulation regarding his guilt, and that stipulation was filed with the district court. Later, Brooks moved to withdraw his pleas, and a hearing was convened. At the conclusion of the hearing, the district court denied Brooks's motion and stated that it was "not going to permit the defendant to withdraw his plea of no contest and his plea of true." In a later hearing, the district court sentenced

Brooks to 30 years' imprisonment for the enhanced burglary charge and to 20 years' imprisonment for each of the remaining three burglary charges. In addition, the district court ruled that the sentences were to run concurrently. On appeal, Brooks challenges the district court's denial of his request to withdraw his pleas as well as the sufficiency of the evidence supporting his convictions. We will affirm the district court's judgments of conviction.

## DISCUSSION

In two issues on appeal, Brooks contends that there was insufficient evidence to support his convictions because the stipulations "were neither signed nor actually received in evidence at the time of [his] plea" and that the district court "abused its discretion by not allowing [him] to withdraw his plea of no contest due to there being no evidence to support [his] plea."

*Sufficiency of the Evidence*

As mentioned above, in his first issue, Brooks contends that there was insufficient evidence to support his convictions. Although Brooks acknowledges that he signed the stipulations attesting that he committed the crimes, he asserts that those documents do not sufficiently support his convictions because they were not signed at the time that he entered his pleas and because they were never admitted into evidence as an exhibit. In making this argument, Brooks notes that when the State offered to admit the stipulations, the documents had not been signed. Further, Brooks asserts that although the district court indicated its intention to admit the documents during the plea hearing, the court recessed the case without admitting the documents and explained to the parties that hey could "finish signing up [their] paperwork there and we'll be in recess for just a few minutes."

2

Under the Code of Criminal Procedure, the State is obligated to "introduce evidence into the record" of a defendant's guilt, and trial courts are not permitted to render a conviction without evidence establishing a defendant's guilt even if he enters a plea of guilty. *See* Tex. Code Crim. Proc. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *see also* Tex. Code Crim. Proc. art. 27.02(5) (explaining that plea of nolo contendere has same legal effect as guilty plea). Evidence establishing a defendant's guilt "may take many forms," including a "written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy." *Menefee*, 287 S.W.3d at 13; *see* Tex. Code Crim. Proc. art. 1.15 (providing that evidence establishing guilt may be stipulated by defendant); *see also Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (explaining that "judicial confession alone is sufficient to sustain a conviction" and that "judicial confession may take the form of an affirmative acknowledgment by the defendant that the indictment was true and correct"). A stipulation will be sufficient provided that "it embraces every constituent element of the charged offense." *See Menefee*, 287 S.W.3d at 13.

For the reasons that follow, we cannot agree with Brooks's assertion that there was insufficient evidence in the record to support his pleas. As outlined above, Brooks contends that the stipulations were not admitted into the record, but we do not believe that the record supports that contention. Subsequent to the district court accepting Brooks's pleas, the State informed the court that it would like to admit written stipulations for each of the charges. At that time, Brooks's attorney informed the court that Brooks was in the process of but had not yet finished signing the documents. Furthermore, the district court indicated that it intended to admit the stipulations when

3

they were signed and then later stated that the documents were, in fact, admitted. Afterwards, the district court indicated that it had considered the stipulations and determined that the evidence was sufficient to establish Brooks's guilt, but the district court also explained that it was withholding its finding of guilt until after a presentence investigation report was prepared. That exchange, which forms the basis for this appeal, occurred as follows:

> [State]: We offer the stipulation contained in the plea paperwork as State's 1 . . . .
>
> [Brooks's attorney]: Well, we're not there.
>
> [Court]: Well, they'll be admitted when they are completed here. They are in the process of signing them now.
>
> [State]: I understand.
>
> [The Court]: They'll be admitted as soon as they are completed.
>
> [State]: Thank you, Your Honor.
>
> [Court]: All right. Now, with that I have admitted them. And I will withhold a finding of guilt in each of these cases even though the evidence is sufficient to find you guilty. I'm going to order a presentence report for these cases to be prepared.

Although Brooks correctly points out that the stipulations do not appear in the reporter's record as an exhibit, we are not convinced, in light of the exchange summarized above, that those stipulations were not admitted into the record.

Even assuming for the sake of argument that the documents were not admitted, we would still be unable to conclude that the stipulations were not part of the record. Brooks does not dispute that he signed the stipulations or that they were filed with the district court after he signed

4

them. Further, during the plea hearing, Brooks made no objection when the State offered to admit the stipulations or when the district court stated its intention to admit them. Similarly, Brooks made no objection during the hearing on his motion to withdraw when the attorney who represented him at the plea hearing testified that he "tendered" the stipulations to the district court after Brooks finished signing them. Moreover, those stipulations are part of the clerk's record, and the date listed in the terms of the stipulations as well as the district court's file stamp date for each document is the same as the date of the plea hearing.

Under similar circumstances, the court of criminal appeals has concluded that a stipulation that was filed with a trial court and that was part of the clerk's record provided sufficient evidence of a defendant's guilt to support his plea. *See Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996). In *Pitts*, a judicial stipulation was offered as an exhibit, and no objection was made by the defendant. *Id.* at 508. Moreover, the defendant did not object to the State's assertion that the offered exhibit was "'contained in the court's file.'" *Id.* at 510. Although the trial court in *Pitts* admitted the stipulation, the stipulation was not included in the reporter's record as an exhibit, but it was in the trial court's file and was included in clerk's record for the appeal. *Id.* at 508-09. For these reasons, the court determined that the stipulation "was 'evidence introduced into the record,' and may be considered by the appellate court in determining whether the evidence sufficiently proved appellant's guilt." *Id.* at 510; *see also Daw v. State*, 17 S.W.3d 330, 332 n.1 (Tex. App.—Waco 2000, no pet.) (explaining that document contained in clerk's record constituted evidence introduced into record and could be considered on appeal); *Rexford v. State*, 818 S.W.2d 494, 496 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (concluding that stipulation that was filed

with and approved by trial court and that was part of clerk's record "was sufficient to support appellant's conviction based on his plea of guilty"). In light of the reasoning in *Pitts*, we believe that the stipulations filed with the district court and contained in the clerk's record may be considered when determining whether Brooks's pleas are sufficiently supported.

Moreover, assuming again that the stipulations were not admitted, we believe that the pleas are sufficiently supported for another reason. As alluded to above, the parties in this case treated the stipulations as if they had been admitted. When the district court asked Brooks if he understood that the stipulations that he signed could be used to establish his guilt for the charged offenses, Brooks answered, "Yes, ma'am," and Brooks made no objection when the State offered to admit the stipulations into evidence. In addition, Brooks did not object when the district court stated that the stipulations were admitted into evidence. Similarly, when the district court announced during the sentencing hearing that the evidence was "sufficient to find [him] guilty in each of the cases," Brooks made no assertion that the stipulations were not part of the record. When parties treat non-admitted exhibits as if they have been admitted into evidence, those exhibits may properly be considered by trial courts and "are in the record and support the judgment." *Cf. Kissinger v. State*, 501 S.W.2d 78, 79 (Tex. Crim. App. 1973); *see also Ex parte Napper*, 322 S.W.3d 202, 209 n.5 (Tex. Crim. App. 2010) (providing that appellate courts "may consider evidence that was not formally admitted if it is treated as admitted by the trial court").

In addition, any remaining question surrounding the formal admission of the stipulations is conclusively resolved by subsequent action by the district court in taking judicial notice of the stipulations and accompanying paperwork prior to finding Brooks guilty of the alleged

crimes. As mentioned above, at the end of the plea hearing, the district court elected to withhold its finding of guilt to allow for the preparation of a presentence investigation report. During the hearing regarding Brooks's motion to withdraw his pleas, which was held prior to sentencing, the district court agreed to take judicial notice of the paperwork, including the stipulations, that had been tendered to the court previously. *Cf. Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd) (stating that "when the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence").

As discussed above, in addition to asserting that the evidence was insufficient because the stipulations were not admitted into the record, Brooks also contends that the evidence was insufficient because the stipulations were not signed until after he entered his pleas. As a preliminary matter, we note that Brooks agrees that, at the latest, signed versions of the stipulations were filed with the district court a few minutes after the plea hearing ended, and we can find nothing in the language of article 1.15 to support the idea that the type of minimal delay at issue in this case between when a plea is entered and when a stipulation is signed could render the plea insufficiently supported. *See* Tex. Code Crim. Proc. art. 1.15. In fact, in cases in which a stipulation was not properly signed or was otherwise deficient, courts have examined other evidence in the record to see whether there is "competent evidence in the record" to compensate for the deficiency, *see Menefee*, 287 S.W.3d at 14, including evidence presented during a hearing regarding punishment and after the stipulation was filed, *see Stewart*, 12 S.W.3d at 148 (rejecting argument that evidence of guilt must be presented during "guilt/innocence phase" and explaining that "article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase"). The propriety

7

of consideration of the entire record to see whether a plea is sufficiently supported is further buttressed by the fact that after a defendant enters a plea of guilty or nolo contendere, the proceeding "becomes a 'unitary trial' to determine the remaining issue of punishment." *See Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998) (quoting *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh'g)). Accordingly, we fail to see how the fact that the stipulations were not signed until after Brooks entered his pleas could render the evidence insufficient, particularly given that the district court specifically took judicial notice of the signed stipulations well before making its ultimate finding of guilt and assessing Brooks's punishment.

Turning to the language of the stipulations, they provide as follows for each charge: "Upon my oath I swear my true name is Jason Wayne Brooks and I am 34 years of age; I have read the indictment or information filed in this case and I stipulate that the evidence presented by the State would show that I committed each and every act alleged therein, except those acts waived by the State." The referenced indictments for each charge set out the relevant elements for burglary, and one of the indictments contained an enhancement paragraph regarding Brooks's prior conviction for aggravated robbery. *See* Tex. Penal Code §§ 12.42(b), 29.03, 30.02(a). Accordingly, we believe that the judicial stipulations are sufficient to support a finding of Brooks's guilt. *See Chindaphone*, 241 S.W.3d at 220 (concluding that judicial confession that "'I have read the indictment or information filed in this case and I committed each and every act alleged therein'" was sufficient to support guilty plea); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd) (explaining that judicial confession alone is sufficient to support guilty plea "even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct");

8

*Scott v. State*, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (affirming conviction where judicial stipulation stated that defendant "agreed that the allegations recited in the indictment 'constitute the evidence in this case'" because stipulation was "functional equivalent" of one embracing every element of offense charged); *Rosenkrans v. State*, 758 S.W.2d 388, 389 (Tex. App.—Austin 1988, pet. ref'd) (explaining in nolo contendere case that stipulation that witnesses would testify to facts laid out by prosecutor was sufficient to affirm conviction).

For these reasons, we overrule Brooks's first issue on appeal.

*Denial of Motion to Withdraw*

In his second issue on appeal, Brooks contends that the district court abused its discretion by not allowing him to withdraw his pleas of nolo contendere.

On appeal, Brooks acknowledges that the district court took the case under advisement before he decided to revoke his pleas and that, therefore, the district court's decision to deny his request is reviewed for an abuse of discretion. *See Saldana v. State*, 150 S.W.3d 486, 490 (Tex. App.—Austin 2004, no pet.) (explaining that "defendant may withdraw his guilty plea as a matter of right without assigning any reason until the judgment has been pronounced or the case has been taken under advisement," that trial court has discretion to allow defendant to withdraw his plea after court takes case under advisement or pronounces its judgment, and that court takes case under advisement if it orders preparation of presentence investigation report after it "has admonished the defendant, received the guilty plea and received the evidence"); *see Rivera v. State*, 952 S.W.2d 34, 35-36 (Tex. App.—San Antonio 1997, no pet.) (same). Under an abuse-of-discretion standard of

9

review, appellate courts will reverse a trial court's decision only when it "was clearly wrong and outside the zone of reasonable disagreement," *Edwards v. State*, 37 S.W.3d 511, 515 (Tex. App.—Texarkana 2001, pet. ref'd), or if "the court acted without reference to any guiding rules and principles," *Ramirez v. State*, 973 S.W.2d 388, 391 (Tex. App.—El Paso 1998, no pet.).

When arguing that the district court abused its discretion, Brooks primarily focuses on the arguments from his first issue that there was insufficient evidence to support his pleas. In light of the alleged evidentiary deficiencies, Brooks contends that the district court abused its discretion by failing to allow him to withdraw his pleas. However, as discussed in the previous issue, we believe, for many reasons, that there was sufficient evidence to support his pleas and his convictions.

As further support for his argument, Brooks refers to letters that he wrote to his attorney after the plea hearing, to statements that he made in his motion to withdraw his pleas, and to testimony presented during the hearing on his motion to withdraw. In his letters, he communicated that he wanted to withdraw his pleas and wrote that he felt like his attorney had convinced him to plead nolo contendere even though he was innocent and wanted to have a trial. Further, Brooks wrote that he felt pressured to enter the pleas because the State had threatened to stack his sentences, to further enhance the charges, and to charge him with additional crimes. In his motion, Brooks asserted that he entered his pleas "because of pressure and encouragement and not because [he] felt that the evidence would show that [he] committed the offenses charged." Similarly, during the hearing, Brooks communicated that he pleaded nolo contendere because he was pressured and

10

coerced by the threat of increased punishment, of stacking his punishments, of having more of his charges enhanced, and of adding another charge for burglary.[1]

However, during that same hearing, the attorney representing Brooks at the time that he entered his pleas expressly denied coercing or threatening his client into making the pleas. Moreover, although Brooks's former attorney explained that he did inform Brooks that the punishments could be stacked, he stated that he "never told [Brooks] new charges were going to be brought against him if he refused to take the plea. That was not done." In addition, in that hearing Brooks conceded that during the plea hearing the district court had inquired into the voluntariness of his pleas.

In resolving the conflict present in these testimonies, *cf. Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (explaining that it is fact finder's role to resolve conflicts in testimony), the district court was aided by the admission into evidence of the transcript of the plea hearing. During that prior hearing, the district court advised Brooks of the charges against him. The court

---

[1] After the district court sentenced Brooks, he filed a motion for new trial. In a hearing held to consider his motion, Brooks asserted that immediately prior to entering his pleas, his attorney incorrectly told him that he would still be allowed to have a trial if he pleaded nolo contendere and that the only consequence from entering those pleas would be that the trial would be before a judge instead of a jury. However, during that hearing, Brooks's former attorney denied that characterization of his interaction with Brooks; instead, Brooks's former attorney testified that before Brooks entered his pleas, he told Brooks about the consequences of entering a plea of nolo contendere and explained to Brooks that those types of pleas are essentially the same as guilty pleas. In addition, although another one of Brooks's former attorneys testified that some people might be confused regarding the consequences of pleading nolo contendere, he also explained that he did not believe that Brooks was under any misimpression. In fact, the attorney surmised that Brooks understood that no trial would occur after entering his pleas because the attorney informed Brooks that they would prepare for sentencing right after Brooks entered the pleas. Moreover, as discussed above, prior to Brooks entering his pleas, the district court questioned Brooks regarding whether he understood the consequences of entering his pleas, including whether he understood that the court might find him guilty of the crimes alleged.

also informed Brooks about his various rights, including the right to plead not guilty, to have a jury trial, to confront witnesses, and to remain silent. Further, the court separately asked if Brooks wanted to waive all of those rights, and Brooks responded, "Yes," to each question. When the court finished questioning Brooks regarding the waivers, Brooks entered a plea of nolo contendere for each of the charges against him and also pleaded true to the enhancement allegation. Shortly thereafter, the court inquired whether Brooks was voluntarily pleading nolo contendere by asking, "Has anybody forced you, threatened you or intimidated you in any way to get you to . . . [p]lead no contest and to plead true," and Brooks answered, "No, ma'am." In addition, the court explained to Brooks that the pleas were open pleas and then discussed with Brooks the possible punishment ranges for each charge, and Brooks indicated that he understood what the potential punishments were. Finally, the court asked Brooks if he understood that "any stipulation of evidence or documents" accompanying his pleas could serve to establish his guilt for the alleged crimes, and Brooks responded, "Yes, ma'am." Immediately after Brooks gave this last answer, the court accepted his pleas. *See* Tex. Code Crim. Proc. art. 26.13 (establishing admonishments that must be given to defendant pleading nolo contendere).

In light of the preceding, we cannot conclude that the district court abused its discretion by failing to allow Brooks to withdraw his pleas. Accordingly, we overrule Brooks's second issue on appeal.

## CONCLUSION

Having overruled both of Brooks's issues on appeal, we affirm the district court's judgments of conviction.

12

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 19, 2014

Do Not Publish

13